IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OJORE MULUMBA AJAMU VII, | ) | CASE NO. 8:05CV319 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| THOMAS GENSLER, M.D., and DOUGLAS COUNTY, NEBRASKA, | ) | |
| Defendants. | ) | |

The plaintiff's initial complaint, as supplemented, alleges that Thomas Gensler, M.D., and Douglas County, Nebraska, failed to provide adequate medical care for seizures, gastrointestinal problems, mouth and teeth injuries, bleeding, weight loss, and pain experienced by the plaintiff during his incarceration in the Douglas County Correctional Center (DCCC).  See Filing Nos. 1, 13, and 19.  Summary judgment was previously entered in favor of defendant Gensler.  See Filing No. 60.

The remaining defendant, Douglas County, has filed a motion for summary judgment, (Filing No. 76), and the plaintiff has responded to that motion.  Filing No. 79.  The motion is fully submitted.  As the following explains, Douglas County's motion for summary judgment will be granted, and judgment will be entered against the plaintiff.

**MOTION FOR SUMMARY JUDGMENT**

<u>Standard of Review</u>

A motion for summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986).  In response to the moving party's

evidence, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

> Once the moving party has met its burden of showing "the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law[,] . . . the non-moving party may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."

Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003) (quoting Stone Motor Co. v. Gen. Motors, Corp., 293 F.3d 456, 465 (8th Cir. 2002)(internal citations omitted)).

## Statement of Undisputed Facts

The plaintiff was incarcerated in the DCCC on July 17, 2003, and he remained in that facility at all times relevant to the allegations raised in the plaintiff's complaint. Filing No. 78, ex. 4 (Houston affidavit), ¶ 4.

Upon admission to the DCCC, all inmates are given a copy of the Douglas County Correctional Center Inmate Rules and Regulations Handbook, which outlines the rules and regulations inmates must follow while incarcerated at that facility. Filing No. 78, ex. 4 (Houston affidavit), ¶ 5. Section 11 of the DCCC Handbook contains the DCCC's administrative process for resolution of inmate complaints. Under the terms of the DCCC's grievance procedure, if an inmate has a complaint arising from the treatment he has received and the conditions of his confinement within the DCCC, he must communicate his concern to the prison staff, and if the matter cannot be resolved informally, he must file a formal grievance for investigation and determination by prison authorities. If an inmate

does not agree with the initial grievance determination, he can obtain an additional grievance form and appeal the decision to the Chief Deputy of Corrections. The Chief Deputy of Corrections must then review the grievance and issue a response. If the inmate disagrees with the Chief Deputy of Corrections' response, the inmate is not precluded from seeking other remedies. However, the Handbook clearly warns that "internal remedy requests are usually required prior to submitting a complaint to an outside agency or group." Filing No. 78, ex. 1, § 11.2 (D); ex. 4 (Houston affidavit), ¶ 6.

The plaintiff filed grievances during his DCCC incarceration, (see Filing No. 1 at p. 3 & Filing No. 13), but he did not appeal any initial grievance decision for review by the Chief Deputy of Corrections before filing this lawsuit. Filing No. 78, ex. 4 (Houston affidavit), ¶ 7. The plaintiff has submitted no evidence to support his allegations that DCCC prevented him from fully complying with the DCCC's grievance procedure, and he has not responded to the defendant's discovery on this issue. Filing 74 (defendant's motion to compel); Filing No. 78, ex. 2 (Dahlquist affidavit).

## Legal Analysis

Section 1997e (a) of the PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(emphasis added). Pursuant to § 1997e(a), a prisoner must exhaust all administrative remedies available through the prison system before filing a lawsuit challenging prison conditions. This exhaustion requirement is mandatory; the court cannot, in its discretion, waive this requirement. Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006).

The PLRA's exhaustion requirement serves two purposes. It affords the agency an opportunity to "correct its own mistakes with respect to the programs it administers before it is haled into federal court" while discouraging prisoners from disregarding the prison's procedures, and it promotes efficiency. Woodford, 126 S.Ct. at 2385.

> The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally allowing the initiation of a federal case. The PLRA also was intended to reduce the quantity and improve the quality of prisoner suits.

Woodford, 126 S.Ct. at 2387 (internal citations and quotation marks omitted).

The DCCC has an explicit and published grievance procedure for resolution of prisoner complaints. Although the DCCC grievance procedure afforded the plaintiff an opportunity to appeal any adverse initial grievance decision to the Chief Deputy of Corrections, the plaintiff never pursued this available administrative process, and he has offered no evidence explaining his failure to do so.

Under the PLRA, an inmate must exhaust available administrative procedures before filing suit even if he is requesting a remedy (e.g. damages or employee termination) which cannot be obtained through the prison grievance process. Foulk v. Charrier, 262 F.3d 687, 695 (8th Cir. 2001)(citing Booth v. Churner, 531 U.S. 956 (2001)). Based on the undisputed facts, the plaintiff failed to comply with the DCCC grievance process before filing this lawsuit. Accordingly, the court must grant defendant's motion for summary judgment, and dismiss the plaintiff's complaint with prejudice for failure to comply with the exhaustion requirement set forth in 42 U.S.C. § 1997e(a). See e.g. Woodford, 126 S.Ct. at 2384 (holding dismissal of plaintiff's complaint was required where the inmate alleged the prison wrongfully prohibited his participation in special prison programs, but failed to

timely comply with the California prison system's grievance process before filing his federal lawsuit); Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002)(reversing a judgment in favor of the inmate where he failed to exhaust the prison grievance system before filing his lawsuit).

IT IS ORDERED that:

1. The defendant's motion for summary judgment, (Filing No. 76), is granted;

2. The defendant's motion to compel, (Filing No. 74), and the plaintiff's motion for miscellaneous relief, (Filing No. 81), are denied as moot;

3. The pretrial conference currently scheduled for January 10, 2008, at 10:00 a.m. is cancelled. The clerk is directed to send a copy of this order to Magistrate Judge Piester; and

4. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 29th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge